# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**TRAVIS J. CRISP,**

    **Plaintiff,**

    v.

**COMMISSIONER OF
SOCIAL SECURITY,**

    **Defendant.**

Case No. 2:15-cv-00001
JUDGE GREGORY L. FROST
Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

This matter is before the Court for consideration of the Magistrate Judge's February 19, 2016 Report and Recommendation ("R&R") (ECF No. 17), and Plaintiff's objections thereto (ECF No. 18). For the reasons that follow, the Court **OVERRULES** the objections and **AFFIRMS AND ADOPTS** the R&R.

    **I.**    **BACKGROUND**

The facts of this case are set forth in the R&R. Facts relevant to Plaintiff's objections to the R&R are recited below.

On April 7, 2011, Plaintiff filed an application for disability insurance benefits pursuant to Title II of the Act, 42, U.S.C. § 423. Plaintiff filed an application for supplemental security income pursuant to Title XVI of the Act, 42 U.S.C. § 1381 et seq., that same day.

The administrative law judge ("ALJ") assigned to Plaintiff's case denied his claims. The ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act (the "Act"). That decision became the Commissioner of Social Security's (the "Commissioner") final decision when the appeals council denied review.

In denying Plaintiff's claims, the ALJ found that Plaintiff's date last insured was December 31, 2010, but that "[t]he record contains no information documenting a medically determinable impairment at any time through December 31, 2010." (ECF No. 8, at PAGEID # 66.) Plaintiff therefore was not entitled to disability insurance benefits pursuant to Title II of the Act.

Regarding Plaintiff's claim for supplemental security income, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform the following work:

> A full range of work at all exertional levels but with the following nonexertional limitations: he is limited to performing simple, routine, and repetitive, one- or two-step tasks with no strict production rate or fast pace and no more than occasional interaction with co-workers, supervisors, and the public.

(*Id*. at PAGEID # 72.) The ALJ noted that Plaintiff had only mild restrictions in daily living, as he maintained appropriate hygiene, was able to purchase and prepare food for himself, helped care for his live-in girlfriend's (occasionally referred to in the record as his fiancé) young child, helped with chores, and played his guitar at open microphone nights at clubs. Plaintiff had no more than moderate difficulties in social functioning, as evidenced by the same factors as well as his ability to maintain a stable relationship with his family, see friends occasionally, and get along with his case manager and nurse. Regarding concentration, persistence, and pace, Plaintiff had no more than moderate difficulties, as evidenced by his ability to complete certain tasks such as simple addition and subtraction, as well as his ability to play his guitar in clubs for a period of three hours without difficulty.

The ALJ noted that treatment notes from Consolidated Care, Inc. "document intact cognition with linear, logical, and goal-directed thought processes," which further supports the RFC finding. (*Id*. at PAGEID # 71.) The opinions of state agency psychological consultants,

including Dr. Arredondo, also were given significant weight "because they confirm that the claimant's condition improves significantly when he is compliant with treatment instructions." (ECF No. 8, at PAGEID # 75.)

       The ALJ addressed other evidence in the record that purported to suggest more marked limitations. Specifically, the ALJ discussed the findings of Dr. McKinney, the state's consultative examiner. Dr. McKinney examined Plaintiff one time and documented her findings. The ALJ acknowledged that Dr. McKinney's notes document "some symptoms of depression and anxiety," but found that Plaintiff was "fully capable of performing routine tasks both at home and in a work environment when he is motivated to do so." (*Id*. at PAGEID # 73.) The ALJ also noted that Plaintiff's reported symptoms "significantly decrease when he is compliant with medication and treatment instructions," that treatment notes document intact cognition, that he was able to provide childcare for his girlfriend's young child and that he and his girlfriend were expecting another child, and that he reported that he was coping with things better because he did not want to lose his girlfriend. (*Id*.) The ALJ concluded that the RFC limitation to simple, routine, repetitive tasks, restriction against strict production rate or fast-paced work, and restriction against more than occasional interaction with others accounted for Plaintiff's complaints of anxiety.

       The ALJ then addressed the notes of Tracy Detwiler, a physician's assistant who monitored Plaintiff's medication appointments approximately every two months. Although these notes document a depressed mood and some irritability, the ALJ found that "Ms. Detwiler is not an acceptable source whose opinion is entitled to any special deference." (*Id*. at PAGEID # 75.) The ALJ also found that Ms. Detwiler's treatment notes are not "consistent with the drastic

functional limitations as she set forth." (*Id.*)  For example, Ms. Detwiler stated that Plaintiff had "marked difficulty relating to others," but treatment notes indicate that he had a stable relationship with his fiancé and her son, was cooperative during Dr. McKinney's evaluations, and was able to play his guitar in front of large numbers of people.  (*Id.* at PAGEID # 75–76.) The ALJ further noted that Ms. Detwiler's reports of marked limitations were based solely on Plaintiff's subjective complaints and not on any objective medical evidence.

After discussing her reasons for rejecting some of the more marked limitations suggested in the record, the ALJ discussed the vocational expert's ("VE") testimony at Plaintiff's hearing. The VE testified that a person with Plaintiff's age, education, work experience, and residual functional capacity could perform approximately 4,400 representative jobs.  The ALJ concluded from this testimony that Plaintiff was not disabled within the meaning of the Act.

Plaintiff filed a complaint with this Court seeking judicial review of this decision.  In his statement of specific errors, Plaintiff argued that the ALJ failed to properly evaluate Ms. Detwiler's statements.  Plaintiff acknowledged that Ms. Detwiler is not an "acceptable medical source under the Social Security Regulations (the "Regulations"); however, Plaintiff argued that she was an "other medical source" whose opinion should have been given more consideration. (ECF No. 9, at PAGEID # 713 (citing 20 C.F.R. § 404.l513(a), (d)).)  Plaintiff also argued that the ALJ's decision to reject Ms. Detwiler's opinions was not supported by substantial evidence.

Plaintiff then argued that the ALJ failed to properly incorporate Dr. McKinney's opinions into the RFC finding.  Specifically, Plaintiff argued that the RFC finding did not account for the severity of the impairments Plaintiff faces in handling stress.  Plaintiff further argued that Dr. McKinney's assessment supported a finding that Plaintiff suffered from more severe

4

impairments and that, when questioned about an individual with those impairments, the VE testified that such an individual could not perform competitive work.

Plaintiff concluded by arguing that substantial evidence does not support the RFC finding.  Plaintiff noted the myriad of limitations that Dr. McKinney found to exist, which are inconsistent with the ability to perform skilled work, in arguing that the RFC finding (which would allow Plaintiff to perform unskilled work) is at odds with the evidence.  Plaintiff further argued that the ALJ took Dr. Arredondo's notes out of context when she stated that Dr. Arredondo found that Plaintiff's condition improves with medication.  In fact, Plaintiff argues, Dr. Arredondo's notes suggest that Plaintiff's condition improved marginally or not at all with medication.  Plaintiff requested that the Court remand this decision to the Commissioner for further consideration of these opinions.

The Magistrate Judge rejected Plaintiff's arguments.  In the R&R, the Magistrate Judge first noted that "substantial evidence supports the ALJ's determination that Plaintiff was not disabled by his last date insured."  (ECF No. 17, at PAGEID # 763.)  The Magistrate Judge then stated: "Although this finding is dispositive of this matter, the Undersigned finds that even if record evidence existed to show Plaintiff's impairments began prior to his last date insured, the ALJ's determination that Plaintiff is not disabled is supported by substantial evidence in the record."  (*Id.*)

The Magistrate Judge then analyzed the ALJ's written decision.  First, the Magistrate Judge found that the ALJ applied the proper legal standard in determining the amount of weight to assign Ms. Detwiler's opinions.  The Magistrate Judge noted that the ALJ made specific findings regarding the nature and extent of the treatment relationship between Ms. Detwiler and

5

Plaintiff, as well as the supportability of Ms. Detwiler's conclusions given the other evidence in the record. The Magistrate Judge found that substantial evidence in the record supported these findings. The Magistrate Judge concluded that the ALJ properly applied the Regulations in determining the weight to assign Ms. Detwiler's opinions such that Plaintiff's first assignment of error was without merit.

The Magistrate Judge then analyzed the ALJ's RFC finding. Noting that Dr. McKinney's opinions are speculative in nature because they are qualified by the term "may," the Magistrate Judge found that the ALJ was not required to incorporate speculative findings into her RFC determination. *See id.* at PAGEID # 767 (discussing Dr. McKinney's statements that Plaintiff "may lose focus easily" and that his attention and concentration "may deteriorate over extended time periods," among others). The Magistrate Judge further found that the ALJ's RFC finding adequately incorporated the specific, concrete limitations that Dr. McKinney found to exist such that Plaintiff's second assignment of error also lacked merit.

Plaintiff timely objected to the Magistrate Judge's conclusions. The Court will consider those objections below.

II. ANALYSIS

A. Standard of Review

When a party objects within the allotted time to a report and recommendation, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

This standard must be applied in light of the well-settled standard of review in social security cases:

> Under the provisions of 42 U.S.C. Section 405(g), "[t]he findings of the Secretary [now the Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ." Substantial evidence is " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is " 'more than a mere scintilla.' " *Id. LeMaster v. Weinberger*, 533 F.2d 337, 339 (6th Cir. 1976). The Commissioner's findings of fact must be based upon the record as a whole. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985); *Houston v. Sec'y*, 736 F.2d 365, 366 (6th Cir. 1984); *Fraley v. Sec'y*, 733 F.2d 437, 439-440 (6th Cir. 1984). In determining whether the Commissioner's decision is supported by substantial evidence, the Court must " 'take into account whatever in the record fairly detracts from its weight.' " *Beavers v. Sec'y of Health, Educ. and Welfare*, 577 F.2d 383, 387 (6th Cir. 1978) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951)); *Wages v. Sec'y of Health and Human Servs.*, 755 F.2d 495, 497 (6th Cir. 1985). Even if this Court would reach contrary conclusions of fact, the Commissioner's decision must be affirmed so long as that determination is supported by substantial evidence. *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983).

*Kaplun v. Comm'r of Soc. Sec.*, No. 2:14-cv-00439, 2015 WL 1954453, at *2 (S.D. Ohio Apr. 29, 2015).

### B. Plaintiff's Objections

#### 1. Date Last Insured

Plaintiff first objects to the R&R on the ground that his date last insured (December 31, 2010) is relevant only to his Title II claim (for disability insurance benefits) and not to his Title XVI claim (for supplemental security income). The Magistrate Judge erred, Plaintiff argues, in finding that Plaintiff was entitled to benefits only if he became disabled by December 31, 2010. Plaintiff asserts that "[t]here is no requirement for an individual attempting to obtain supplemental security income to prove disability prior to a date last insured;" rather, "[t]he

7

proper inquiry in an application for SSI benefits is whether the plaintiff was disabled on or after [the] application date."  (ECF No. 18, at PAGEID # 772.)

The Court agrees that the date last insured is dispositive of Plaintiff's Title II claim only and does not preclude a finding of disability with respect to the Title XVI claim.  The Court therefore agrees that modification of the R&R is necessary.  This finding does not, however, warrant setting aside the R&R in its entirety.  The Magistrate Judge went on to address Plaintiff's statement of specific errors and provide an alternative ground for rejecting the same.  Plaintiff's arguments that the Magistrate Judge addressed Plaintiff's asserted errors "in a fashion of dicta," that the Magistrate Judge did not properly consider Plaintiff's arguments because she did not cite regulations specific to Title XVI, and that the Magistrate Judge did not seriously consider Plaintiff's "primary arguments" because they "had no chance of resulting in a favorable decision," (*id*. at PAGEID # 773), are purely speculative and are only persuasive if they cast doubt upon specific findings in the R&R.  The Court accordingly proceeds to consider Plaintiff's specific objections to the Magistrate Judge's conclusions.

 2. *Dr. McKinney's Opinions*

Plaintiff challenges the Magistrate Judge's conclusions with respect to Dr. McKinney.  Plaintiff argues that the Magistrate Judge erred by not accepting Plaintiff's argument that Dr. McKinney's findings are consistent with a finding of disabled.  Even if true, however, this fact does not warrant setting aside the R&R.  As the Magistrate Judge noted, the ALJ considered the limitations proffered by Dr. McKinney, assigned "some weight" to Dr. McKinney's opinion, (ECF No. 8, at PAGEID # 75), and ultimately found the limitations in Dr. McKinney's report to

be consistent with the RFC finding when read in the context of the other evidence in the record. The Court finds no error by the Magistrate Judge in this regard.

Plaintiff next argues that the Magistrate Judge erred by suggesting that Dr. McKinney's use of the word "may" in her opinion diminished the value of the same. Plaintiff argues that examiners are instructed not to use vocational terms such as "moderate" or "markedly" in their opinions. Plaintiff suggests that Dr. McKinney therefore was precluded from stating her opinions with a higher degree of certainty and that the Magistrate Judge erred by interpreting that lack of certainty as a reason to assign less weight to Dr. McKinney's opinion.

The Court rejects this argument. Dr. McKinney's qualification of her opinions reflects the fact that she examined Plaintiff once and predicted the impact that his perceived limitations at that time would have on his ability to work. *See, e.g.*, ECF No. 8, at PAGEID # 381 (noting that "[t]he claimant's attention and concentration skills were not strong during the evaluation and may deteriorate over extended time periods"). Dr. McKinney also noted that Plaintiff was "a poor historian" of his symptoms, which further suggests that Dr. McKinney had to make assumptions about Plaintiff's abilities based on his condition on one particular day. (*Id*. at PAGEID # 380.) Plaintiff's suggestion that Dr. McKinney reached her conclusions with a high degree of certainty but was forced to qualify those opinions in order to comply with the Regulations does not accurately reflect the circumstances surrounding Dr. McKinney's evaluation. The Court accordingly finds no error by the Magistrate Judge in this regard.

Plaintiff next argues that the Magistrate Judge erred by finding that substantial evidence supported the ALJ's decision to afford only some weight to Dr. McKinney's opinions. Plaintiff states: "[a]s the only examining source of record, with no complaints of inconsistency with the

record, and support from other substantial evidence and the report of Ms. Detwiler, the ALJ should have accorded more weight to [Dr. McKinney's] opinions." (ECF No. 18, at PAGEID # 776.)

This argument does not accurately reflect the ALJ's or the Magistrate Judge's conclusions regarding Dr. McKinney. First, this argument does not acknowledge the fact that Dr. McKinney examined Plaintiff once and made only speculative assessments regarding his limitations in the workforce, which supports the ALJ's decision to afford only some weight to Dr. McKinney's ultimate conclusions. Second, the ALJ noted that some of Dr. McKinney's conclusions regarding Plaintiff's limitations contradict Plaintiff's own testimony, such as his daily living activities, relationships with family members and some friends, and ability to maintain focus when he is motivated to do so (such as playing his guitar for extended periods of time in front of a crowd). Plaintiff's statement that there exist no complaints of inconsistency with the record therefore is not accurate. And third, the fact that other evidence (such as Ms. Detwiler's notes) could have supported the opposite conclusion—to afford significant weight to Dr. McKinney's opinion—does not mean that the Magistrate Judge should have rejected the ALJ's finding. *See Kaplun*, 2015 WL 1954453, at *2. The Court accordingly finds no reason to set aside the Magistrate Judge's findings with respect to Dr. McKinney.

### 3. Ms. Detwiler's Opinions

Plaintiff's last argument is that the Magistrate Judge erred by failing to overturn the ALJ's findings regarding Ms. Detwiler. Plaintiff argues that the ALJ (and, by extension, the Magistrate Judge) erred by finding Ms. Detwiler's opinions to be inconsistent with other evidence in the record. The Court disagrees.

Contrary to Plaintiff's position, the ALJ correctly considered the fact that Plaintiff was able to maintain a stable relationship with his girlfriend and her son as evidence that undercuts Ms. Detwiler's statement that Plaintiff is markedly limited in his ability to relate to others. Plaintiff's statement that an individual might be able to get along with family while struggling to get along with strangers is true; however, it is simply one fact to consider among many.  That fact does not, as Plaintiff suggests, mean that the ALJ erred by considering Plaintiff's relationship with his girlfriend and her son.  Plaintiff's argument on this point is especially unpersuasive given that the RFC finding restricts Plaintiff to "no more than occasional interaction with co-workers, supervisors, and the public," (ECF No. 8, at PAGEID # 72), which takes Plaintiff's subjective complaints regarding his limited ability to relate to others into account.

Plaintiff's argument that the ALJ erred by noting that much of Ms. Detwiler's opinions are based on Plaintiff's subjective complaints also fails.  Although it may be true that "subjective complaints are an unavoidable piece of mental health evaluation," (ECF No. 18, at PAGEID # 777), the ALJ properly analyzed whether Plaintiff's subjective complaints were supported by the record.  The ALJ then explained her reasons for finding that Plaintiff was not entirely credible. The Court again finds no error by the Magistrate Judge in assessing this portion of the ALJ's decision.

Plaintiff's arguments regarding specific pieces of evidence that the ALJ cited as contradictory to Ms. Detwiler's opinion, such as Plaintiff's statement that he was coping better because he did not want to lose his girlfriend, likewise fails.  The ALJ properly considered this

11

evidence within the context of the record as a whole.  Plaintiff's attempt to isolate and attack single pieces of evidence is not a persuasive ground for setting aside this portion of the R&R.

In short, the Court finds no reason to set aside the Magistrate Judge's conclusions with respect to the ALJ's evaluation of the evidence in the record.  The Court modifies the R&R to reflect that Plaintiff need not prove disability as of the date last insured in order to pursue his Title XVI claim for supplemental security income.  That modification does not, however, affect the Court's ultimate conclusion in this case.

### III. CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Plaintiff's objections (ECF No. 18), **AFFIRMS AND ADOPTS** the R&R (ECF No. 17) subject to the modification stated above, and **AFFIRMS** the Commissioner's decision.  The Clerk is **DIRECTED** to enter judgment accordingly and remove this case from the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

**IT IS SO ORDERED**.

>**/s/ Gregory L. Frost**
>**GREGORY L. FROST**
>**UNITED STATES DISTRICT JUDGE**